IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHANNON E. SERATT                                      PLAINTIFF

v.                      CIVIL NO. 11-2169

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Shannon E. Seratt, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current application for SSI on July 23, 2010, alleging an inability to work due to bulging discs and pinched nerves. (Tr. 103, 146). An administrative hearing was held on April 28, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 31-50).

By written decision dated May 23, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 12).

Specifically, the ALJ found Plaintiff had the following severe impairment: a mild facet degenerative change in his lower lumbar spine. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 416.967(b) and that he can frequently climb, balance, crawl, kneel, stoop and crouch.

(Tr. 12). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a compression machine worker, a bindery machine feeder, an off bearer, a riveting machine worker, a fast food worker, and a production and assembly worker. (Tr. 17).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 26, 2011. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13,14).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.　Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 416.920.

**III.   Discussion:**

Plaintiff contends that the ALJ erred in concluding that the Plaintiff was not disabled because (1) the ALJ erred in determining Plaintiff's RFC; and 2) the ALJ erred in failing to properly develop the record. Defendant argues substantial evidence supports the ALJ's determination.

**A.   The ALJ's RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642,

646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of the non-examining agency medical consultants; the assessments completed by "other source" medical professionals including, Dr. Lance Crouse, a chiropractor, and Marie Pham-Russell, an APN; Plaintiff's subjective complaints; and his medical records. The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. Therefore, the Court finds there is substantial evidence of record to support the ALJ's RFC findings.

**B.     Fully and Fairly Developed the Record**:

The Court rejects Plaintiff's contention that the ALJ failed to fully and fairly develop the record. While an ALJ is required to develop the record fully and fairly, see Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir.2000) (ALJ must order consultative examination only when it is necessary for an informed decision), the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period. See Strongson v. Barnhart, 361 F.3d 1066, 1071-72 (8th Cir.2004) (ALJ must develop record fully and fairly to ensure it includes evidence from treating physician, or at least examining physician, addressing impairments at issue).

**C.     Subjective Complaints and Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily

-5-

activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in his brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. The Court would also note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship). The record also revealed that Plaintiff was able to come up with the funds to support his smoking habit, as well as to purchase alcohol and other substances during the relevant time period.

Based on the record as a whole, the Court finds there is substantial evidence to support the ALJ's credibility findings.

### D. Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth

AO72A
(Rev. 8/82)

the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as a compression machine worker, a bindery machine feeder, an off bearer, a riveting machine worker, a fast food worker, and a production and assembly worker. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

IV. **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 6th day of September, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)